OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law,* Counties, Municipalities, Home Rule Amendment, Delegation of powers. *Counties,* Charters, Municipal home rule, County officials.

Proposed enabling legislation which would allow counties to adopt home rule charters and to fix therein the terms of office for certain officers did not violate art. 19 of the Amendments to the Massachusetts Constitution, which empowers the Legislature to prescribe the terms of office for sheriffs, registers of probate, and clerks of courts. [1210-1211]

Although proposed legislation which would permit any county to adopt a home rule charter did not conflict with art. 89 of the Amendments to the Massachusetts Constitution, art. 89 would prevent a county from acting in relation to its constituent cities and towns pursuant to any purported delegation of blanket legislative authority. [1211-1215]

On December 27, 1982, the Justices submitted the following answers to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions raised in an order adopted by the Senate on May 11, 1982, and transmitted to us on September 13, 1982. The order recites that a bill has been submitted to the Senate entitled, "An Act establishing procedures for the adoption of home rule charters by counties" (Senate No. 200), and that grave doubts exist as to the bill's constitutionality, if enacted.

The proposed bill provides for a new chapter, presumably of the General Laws, entitled the County Charter Procedures Act. The proposed act provides that every county shall have the power to adopt a charter and to amend a charter. § 2. In addition, the proposed act purports to grant to each county the authority to assume, by charter,

"any power or function which the general court may law-
fully confer on a county." § 13 (b). Further, the bill grants
to a county the authority to take appropriate legislative, ex-
ecutive, or administrative action to exercise any power or
perform any function which it may assume pursuant to the
proposed act. *Id.*

We have been asked two questions in connection with the
bill.

> "1. Would the enactment into law of Senate No. 200
> violate Article XIX of the Amendments to the Constitu-
> tion of Massachusetts?
>
> "2. Would the enactment into law of Senate No. 200
> violate Article LXXXIX of the said Amendments to the
> Constitution of Massachusetts?"

## Question 1

Article 19 of the Amendments to the Constitution of the
Commonwealth, as amended (art. 19), provides in perti-
nent part as follows: "The legislature shall prescribe, by
general law, for the election of sheriffs, registers of probate,
and clerks of the courts, by the people of the several counties
. . . for such term of office as the legislature shall prescribe."
The only provision of the bill which refers to the term of of-
fice for county officials appears in section 13(a). Section
13 (a) provides that a county charter adopted pursuant to
the bill may provide for a structure of county government
consistent with Massachusetts and Federal laws and Consti-
tutions "except that no term of office greater than four years
in duration shall be provided for . . . ."

We discern no inconsistency between art. 19 and the bill.
Article 19 empowers the General Court to prescribe the
term of office for sheriffs, registers of probate, and clerks of
the courts. Section 13 (a) of the bill purports to limit terms
of office to not more than four years. Article 19 in no way
prevents such a legislative decision. While this provision
may conflict with G. L. c. 54, §§ 155, 156, 159 (providing

for six-year terms for clerks of court, registers of probate, and sheriffs), the bill resolves this conflict by providing that the proposed chapter shall prevail where it conflicts with any applicable provisions of G. L. cc. 50 to 57, inclusive. Senate No. 200, § 17.

We answer the first question, "No."

### Question 2

Section 8 of the Home Rule Amendment, art. 2 of the Amendments to the Constitution of the Commonwealth, as appearing in art. 89 of the Amendments (art. 89), provides in part as follows: "The general court shall have the power to act in relation to cities and towns, but only by general laws which apply alike to all cities, or to all towns, or to all cities and towns, or to a class of not fewer than two . . . ."

Section 8 does not preclude the General Court "from acting on matters of State, regional, or general concern, even though such action may have special effect upon one or more individual cities or towns." *Opinions of the Justices,* 356 Mass. 775, 787-788 (1969). Cf. *Mayor of Boston* v. *Treasurer & Receiver Gen.,* 384 Mass. 718, 722-723 (1981). If the predominant purposes of a bill are to achieve State or regional objectives, the legislative power is unaffected by the constraints of section 8 of the Home Rule Amendment. *Opinion of the Justices,* 356 Mass. at 788. See Part II, c. 1, § 1, art. 4, of the Massachusetts Constitution (general grant of legislative power to General Court).

Senate No. 200 purports to grant the power to adopt charters to counties for the purpose of forming a governmental body not inconsistent with the laws and Constitutions of the Commonwealth and the United States. Senate No. 200, §§ 2, 13 (a). As the bill purports to grant the power to adopt a charter to "[e]very county," we believe that the manifest purpose of the bill is to achieve State, regional, or general goals. The bill does not purport to affect any city or town individually, but, rather, it affects all cities and towns equally. Therefore, we conclude that the General Court

has the power to enact such a bill and such power is unaffected by § 8 of the Home Rule Amendment.

Moreover, the Constitution does not prevent the General Court from passing a general law empowering counties to erect a governmental structure. In *Larcom* v. *Olin,* 160 Mass. 102, 109 (1893), we held that the General Court did not possess the power under art. 2 of the Amendments to pass a general law empowering the inhabitants of towns containing twelve thousand inhabitants or more to become cities at the will of the majority of the inhabitants present. Article 2 of the Amendments provided (prior to the adoption of the Home Rule Amendment) that the General Court had full power to constitute municipal governments and to grant to the inhabitants thereof such powers, privileges, and immunities as the General Court deemed necessary. Additionally, art. 2 specifically proscribed the General Court from constituting a city government in a town not containing twelve thousand inhabitants unless a majority of the town's inhabitants requested the General Court so to act.[1]

In the *Larcom* case we held that the General Court could only erect a city government in a town by special law on petition by the town's inhabitants. 160 Mass. at 109. This result was compelled by a plain reading of the then operative article 2. The bill presently before us purports to authorize,

---

[1] Article 2 provides: "The General Court shall have full power & authority to erect and constitute municipal or city governments, in any corporate town or towns in this Commonwealth, and to grant to the inhabitants thereof such powers, privileges & immunities, not repugnant to the constitution as the General Court shall deem necessary or expedient for the regulation & government thereof & to prescribe the manner of calling and holding public meetings of the inhabitants, in wards or otherwise for the election of officers under the constitution, and the manner of returning the votes given at such meetings. Provided, that no such government shall be erected or constituted in any town not containing twelve thousand inhabitants, nor unless it be with the consent, and on the application of a majority of the inhabitants of such town, present & voting thereon, pursuant to a vote at a meeting duly warned and holden for that purpose. And Provided also, that all by-laws made by such municipal or city government shall be subject, at all times to be annulled by the General Court." Section 2 of art. 89 (superseding art. 2) contains a similar restriction on the General Court's power to erect city governments.

by general statute, all counties to erect a form of government. The *Larcom* case does not control for two reasons. First, the art. 2 interpreted in the *Larcom* case was superseded by the Home Rule Amendment. Second, although the Constitution limits the power of the General Court to erect city governments, it does not restrict the General Court's power to constitute county governments. Therefore, we conclude that the General Court may, by General Law, empower the inhabitants of any county to erect a form of government.

To this point, we have considered the constitutionality of the bill under art. 89 only as it relates to the General Court's power to allow counties to establish charters. We now consider whether powers which the bill proposes to delegate from the General Court to the counties would conflict with art. 89.[2] Here, we are concerned with the question whether the Legislature may in effect delegate to a county its authority under the Home Rule Amendment to enact legislation affecting cities and towns. The entire proposed bill would not be unconstitutional because it contained an improper delegation, but implicit in the second question asked of us is the issue whether county action pursuant to a purported delegation of authority to act would be constitutional under the Home Rule Amendment.

The delegation provisions of the bill are contained in § 13 (b) which states that: "Except as provided below, any county, by a charter adopted under this Act, may assume any power or function which the general court may lawfully confer on a county, and any county entering into any agreement provided for in this section may assume any power reasonably necessary to carry out the terms thereof. Nothing in this section shall be deemed to grant to any county and [*sic*] power excluded from the general grant of powers set forth in Section 6 of Article --- of the Articles of

---

[2] We are not specifically asked whether the General Court may, in fact, delegate any powers to the counties or, if so, what limits there may be on such delegations other than those imposed by art. 89.

Amendment of the Constitution of the Commonwealth.[3] Any county may enter into an agreement with any city or town within its boundaries for the performance of any function then being performed by such city or town, and any county may enter into like agreements with any department or agency of the Commonwealth for the performance of functions then being performed by such department or agency for the county. Any county may take appropriate legislative, executive or administrative action to exercise any power or to perform any function which it may assume under the provisions."

Article 89, § 1, "grant[s] and confirm[s] to the people of every city and town the right of self-government in local matters, subject to the provisions of this article and to such standards and requirements as the general court may establish by law in accordance with the provisions of this article." We construe § 13 (b) as intended to permit a county, by a charter adopted under the proposed act, to assume any power or function which the Legislature could confer on the county. This general legislative grant appears at a minimum to give to the counties a right which the Home Rule Amendment presently confers upon the Legislature alone, that is: to enact laws in relation to all municipalities or in relation to more than one municipality. As such, § 13 (b) involves a blanket delegation of legislative authority under the Home Rule Amendment to counties. When we view this purported delegation in light of the statement of intent in § 1 of the Home Rule Amendment, the provision in § 6 authorizing the Legislature to act in relation to cities and towns, and the apparent intent of the people in adopting the Home Rule Amendment, we conclude that the Legislature's authority to act may not be given to counties by an all-inclusive, nonspecific, and thus blanket, delegation.

---

[3] The word "and" in this sentence is apparently a misprint for the word "any". The phrase "any power" was used in § 13 (b) of 1972 House No. 2639, an earlier, substantially similar version of the present bill. We assume that the blank space in this sentence would be a reference to art. 89 and we so construe it.

In sum, while we conclude that the Home Rule Amendment does not prohibit the General Court from enacting legislation that would allow the voters of a county to adopt a form of government by charter, the Home Rule Amendment does prohibit a county from acting in relation to cities and towns, pursuant to a purported delegation of blanket authority to legislate.

We answer the second question "No," subject to what we have said concerning the lack of authority of a county to act in relation to cities and towns pursuant to the purported delegation of legislative power in § 13 (b) of the proposed act.

The foregoing answers are submitted by the Chief Justice and the Associate Justices, subscribing hereto on the 22nd day of December, 1982.

EDWARD F. HENNESSEY
HERBERT P. WILKINS
PAUL J. LIACOS
RUTH I. ABRAMS
JOSEPH R. NOLAN
NEIL L. LYNCH
FRANCIS P. O'CONNOR